John Hose, et al., plaintiffs in error, vs. James H. King and Wife, defendants in error.

J. gives to his daughter C., one negro woman, Hester, together with her issue and increase, to her use, and the lawful heirs of her body forever; if she should die without leaving a lawful heir of her body, then the property to revert back to the estate, and be equally divided amongst testator's other heirs *Held,* That under the Act of 1821, the daughter took an absolute fee in the property.

In Equity, from Houston. Decision on demurrer, by Judge WORRILL, at October Term, 1857.

This was a bill filed by James H. King, and his wife, Eliza King, formerly Eliza Engram, against John Hose and William F. Engram. The bill states that James Engram, Sen., of the county of Jefferson, departed this life in the year 18—, leaving in full force his last will and testament, one clause of which is as follows:

"I also give and bequeath to my daughter, Cressy Engram, one negro woman, *Hester*, together with her issue and increase; also, one feather bed, bedstead, and furniture, and one saddle and bridle, for her use and the lawful heirs of her body forever; if she should die without leaving a lawful heir of her body, it is my will that all the property shall be reverted back to the estate, and be equally divided amongst my other heirs."

The bill further states, that Mrs. King is the only child of the said Cressy Engram, named in the above clause. That the father of Mrs. King, the husband of said Cressy, has sold to defendants, the negro woman Hester, and several of her children and grand-children. That the said Cressy is still in life, but that complainants, as remainder-men under said will, are apprehensive that defendants will convey and remove said slaves out of the State, and thereby, their rights as remainder-men be endangered and destroyed. The bill prays, that defendants be restrained from removing said slaves out of the State, and that they be required to give bond and security for the forthcoming of said slaves, in their respective possessions, after the termination of the life estate.

The bill being verified by the oath of James H. King, one of the complainants, the Chancellor ordered defendants to enter into bonds and security, conditioned, not to remove said negroes from the State, and to have them forthcoming at the termination of the life estate.

The bill was afterwards amended, making Needham F

Johnson a party, who had, collusively and pretensively, as alleged, purchased some of said slaves and removed them to a distant county, &c.

Defendants demurred to this bill, and for cause of demurrer, assigned that by said last will and testament of James Engram, the negro woman Hester and her increase vested absolutely in the said Cressy Engram, and upon which the marital rights of her husband attached, who had the right to sell and dispose of the same unconditionally and absolutely.

The Court overruled the demurrer, and defendants excepted.

WARREN & HUMPHRIES; BAILEY; KILLEN; GILES, for plaintiffs in error.

NESBIT; HALL; and PRINGLE, *contra.*

*By the Court.*—LUMPKIN J., delivering the opinion.

According to the construction put upon the statute *de donis,* by the English Courts, as to *real estate,* the limitation, over in this will, is too remote and void. And that under the Act of 1821, as expounded by a majority of this Court, (myself dissenting,) in *Gray vs. Gray, 20 Ga. Rep.* 840. Cressy Engram, the daughter of the testator, took an absolute fee in the negro woman Hester, and the marital rights of the husband attaching thereon, he had the right to dispose of the property by sale, and that consequently, the complainants in the bill have no interest therein. In other words, the bill must be dismissed for want of equity.

Judgment reversed.